UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELTON WARD,

Petitioner,

v.

KIMBERLY THORNTON,

Respondent.

No. 2:26-cv-02668-CKD P

ORDER AND

FINDINGS AND RECOMMENDATIONS

Petitioner, a state prisoner proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and seeks to proceed in forma pauperis. Petitioner's application to proceed in forma pauperis makes the required showing and will be granted. Petitioner challenges his 2024 conviction and 2025 sentence in the Sacramento County Superior Court. (ECF No. 1.) For the following reasons, the undersigned will recommend the petition be dismissed as unexhausted.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

Here, petitioner acknowledges his claims have not been presented to the California Supreme Court and states his direct appeal is pending to the California Cout of Appeal, Third Appellate District. (ECF No. 1 at 2.) Petitioner does not allege state court remedies are no longer available. Here merely claims the state process is "ineffective" and that his due process rights are being violated by a delay in providing him with counsel for the appeal, noting approximately ten months elapsed since the filing of his notice of appeal. (Id. at 5.)

Exhaustion may be excused when excessive delay in obtaining an appeal constitutes a due process violation. Coe v. Thurman, 922 F.2d 528, 531 (9th Cir. 1990) (considering as relevant factors the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant); see also Barker v. Wingo, 407 U.S. 514, 533 (1972) (explaining those four factors are "related factors and must be considered together with such other circumstances as may be relevant"). Delay in processing an appeal does not amount to a due process violation absent a showing of prejudice. See United States v. Tucker, 8 F.3d 673, 676-77 (9th Cir. 1993) (en banc), cert. denied, 114 S. Ct. 1230 (1994); McIntyre v. Hatcher, 62 F.3d 1424 (9th Cir. 1995).

Petitioner has not shown the length of the alleged appellate delay at ten months so far is "unusual," "extraordinary," or "unreasonable." See Ervine v. Lynch, No. 2:15-CV-01916-DJC-SCR, 2025 WL 2644289, at *12 (E.D. Cal. Sept. 15, 2025) (finding lengthy appellate delay of seven years did not demonstrate a due process violation). Moreover, the reason for the approximate ten-month delay so far is for preparation of transcripts, first, and locating counsel, second. (See ECF No. 1 at 22-23.) The length of the delay and reasons for the delay show petitioner is not suffering a due process violation.

Petitioner alleges he is suffering from extreme anxiety from the delay and fears evidence is being destroyed. (ECF No. 1 at 8-9, 14-15.) The allegations do not adequately allege prejudice to excuse exhaustion. Petitioner has not suffered a due process violation based on an alleged 10-month delay in his direct appeal for the purposes of preparation of transcripts and locating

counsel. Accordingly, the present petition should be dismissed without prejudice as unexhausted.[2]

Good cause appearing, IT IS ORDERED as follows:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. The Clerk of the Court shall assign a district judge to this case.

In addition, IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed without prejudice for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 23, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 ward2668.103

[2] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one-year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).